| FORM B1 | United States Bankruptcy Court | | |
|---|---|---|---|
| **NORTHERN** | District of **ILLINOIS** | | **Voluntary Petition** |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Johnson, Gaila S.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**None** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**None** |
| Last four digits of Soc. Sec. No./ Complete EIN or other Tax I.D.<br>No. (if more than one, state all):<br>**9991** | Last four digits of Soc. Sec. No./ Complete EIN or other Tax I.D. No.<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**8525 South Throop**<br>**Chicago, IL 60620** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:<br>**Cook** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Joint Debtor (if different from street address): | Mailing Address of Debtor (if different from street address): |

| Location of Principal Assets of Business Debtor<br>(if different from street address above):<br>**N/A** |
|---|

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) | | |
|---|---|---|---|---|
| ☒ Individual(s) | ☐ Railroad | ☐ Chapter 7 | ☐ Chapter 11 | ☒ Chapter 13 |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9 | ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | | |
| ☐ Other _____ | ☐ Clearing Bank | | | |

| **Nature of Debts** (Check one box) | | **Filing Fee** (Check one box) |
|---|---|---|
| ☒ Consumer/Non-Business | ☐ Business | ☐ Full Filing Fee attached |

**Chapter 11 Small Business** (Check all boxes that apply)
☐ Debtor is a small business as defined in 11 U.S.C. § 101
☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

☒ Filing Fee to be paid in installments (Applicable to individuals only)
Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3

**Statistical/Administrative Information** (Estimates only)
☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million |
|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million |
|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 08/05/2005
Time: 14:13:12
Debtor: GAILA S JOHNSON
Case: 05-30758      Fee : 20
Chapter: 13 Rec. # : 3136342
Judge: Jacqueline Cox
341 mtg: 09/01/2005 @ 01:30PM
ConfHrg: 09/19/2005 @ 10:30AM
Trustee: TOM VAUGHN

1:05BK30758-BK001

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): **Gaila S. Johnson, Debtor** |
|---|---|

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location<br>Where Filed: **Eastern Division, Northern District of Illinois** | Case Number:<br>**02-B16606** | Date Filed:<br>**April 26, 2002** |
|---|---|---|

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**N/A** | Case Number:<br>**N/A** | Date Filed:<br>**N/A** |
|---|---|---|
| District:<br>**N/A** | Relationship:<br>**N/A** | Judge:<br>**Susan Pierson Sonderby** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Gaila S. Johnson_
Signature of Debtor

X _____
Signature of Joint Debtor
**773-846-9373**
Telephone Number (If not represented by attorney)
**August 5, 2005**
Date

### Signature of Attorney

X _____
Signature of Attorney for Debtor(s)
**N/A**
Printed Name of Attorney for Debtor(s)
**N/A**
Firm Name
**N/A**
Address
**N/A**
**N/A**
Telephone Number
**N/A**
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual
**N/A**
Printed Name of Authorized Individual
**N/A**
Title of Authorized Individual
**N/A**
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)       Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**N/A**
Printed Name of Bankruptcy Petition Preparer
**N/A**
Social Security Number
**N/A**
Address
**N/A**
Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:
**N/A**

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer
**N/A**
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.

Model Plan
Rev. 07/15/2004

Trustee: ☐ Marshall   ☐ Meyer
☐ Stearns   ☐ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re:                                          ) Case No. _____ B_____
                                                )
Gaila S. Johnson _____ ,             ) ☑ Original Chapter 13 Plan
                                                )
                        Debtors.                ) ☐ Modified Chapter 13 Plan, dated _____

☐ A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**A.**
**Budget**
**items**

1. As stated in the debtor's Schedule I and J , (a) the number of persons in the debtor's household is ___1___ ; (b) their ages are _____30s_____ ; (c) total household monthly income is $ __2,700__ ; and (d) total monthly household expenses are $ __2,385__ , leaving monthly disposable income of $ __315__ .

2. The debtor's Schedule J includes $ __0__ for charitable contributions; the debtor represents that the debtor made substantially similar contributions for __0__ months prior to filing this case.

**B.**
**General**
**provi-**
**sions**

1. The debtor assumes all unexpired leases and executory contracts identified in the debtor's Schedule G.

2. The rights of holders of claims secured by a mortgage on real property of the debtor, proposed to be cured in Paragraph 4 of Section E of this plan, including the right to reimbursement for costs of collection and other payment obligations of the debtor accruing after the filing of this bankruptcy case, shall be modified only to the following extent:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 4 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Postpetition defaults.* Within 30 days of issuing the final payment of the cure amount specified in Paragraph 4 of Section E, the standing trustee shall serve upon the holder, the debtor, and any attorney for the debtor a notice stating (1) that the cure amount has been paid, satisfying all prepetition mortgage obligations of the debtor, (2) that the holder is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of postpetition obligations, (3) that if the debtor has failed to make timely payments of any postpetition obligations, the holder is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or such longer time as the court may order), (4) that if the holder fails to file and serve a statement of outstanding obligations within the required time, the holder is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice,  and (5) that if the holder does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the holder and the standing trustee, with the court resolving the challenge as a contested matter,  or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due.  To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtor through a modified plan, the right of the holder to collect these amounts will be unaffected.  No liability shall result from any nonwillful failure of the trustee to serve the notice required by this subparagraph.

(c) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 4 of Section E

1 ——▸

may be added to that cure amount pursuant to order of the court on motion of the holder. Otherwise, any such costs of collection shall be claimed pursuant to subparagraph (b) above.

**3.** The holder of any claim secured by property of the estate, other than a mortgage treated in Section C or in Paragraph 3 of Section E, shall retain the lien
☐ until receipt of all payments provided for by this plan on account of the claim, including payments on account of any unsecured portion of the claim, */or/*
☑ until receipt of all payments provided for by this plan on account of the portion of the claim that is a secured claim under 11 U.S.C. § 506(a),
at which time the lien shall terminate and be released by the creditor.

**4.** Within 14 days of a request by the trustee, the debtor shall provide (a) copies of any tax returns filed during the pendency of this case, and (b) a copy of the debtor's current wage statement.

**5.** The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**C.**
**Direct**
**payment**
**of claims**
**by debtor**

☐ The debtor will make no direct payments to creditors holding prepetition claims. */or/*
☑ The debtor will make current monthly payments, as listed in the debtor's Schedule J—increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters—directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: _____ US BANK _____ , monthly payment, $ _____ 1,419 ____ ;
Creditor: _____ n/a _____ , monthly payment, $ _____ 0 _____ .
*If this box is ☐ checked, additional direct mortgage payments are listed on the overflow page.*

**D.**
**Payments**
**by debtor**
**to the**
**trustee**

1. Initial plan term. The debtor will pay to the trustee $ ____315____ monthly for ____36____ months [and $ ____0____ monthly for an additional ____0____ months], for total payments, during the initial plan term, of $ ____11,340____ . [Enter this amount on Line 1 of Section H.]

2. Adjustments to initial term. (a) If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments. (b) The plan will conclude, prior to the end of the initial term, at such time as all allowed claims are paid in full, with any interest required by the plan.

**E.**
**Disburse-**
**ments by**
**the**
**trustee**

The trustee shall disburse payments received from the debtor under this plan as follows:

1. **Trustee's fees.** Payable monthly, as authorized; estimated at ____10.00____ % of plan payments; and during the initial plan term, totaling $ ____1,134____ . [Enter this amount on Line 2a of Section H.]

2. **Priority claims of debtor's attorney.** Payable in amounts allowed by court order, in installments. Installment payments shall be made as follows, up to the allowed amount, unless lower installment payments are ordered by the court: an initial installment of one-half of the funds held by the trustee at the time the trustee receives the order allowing fees (not including amounts for current mortgage payments) and subsequent monthly installments of one-half of the regular monthly payment of the debtor (not including current mortgage payments). The total claim of debtor's attorney is estimated to be $ ____0____ .[Enter this amount on Line 2b of Section H.]

3. **Current mortgage payments.** Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the

debtor of any such change at least 7 days before putting the change into effect.

(a) To creditor_____n/a_____, monthly payments of $___0.00___. These payments, over the term of the plan, are estimated to total $_____0_____.

(b) To creditor_____n/a_____, monthly payments of $___0.00___. These payments, over the term of the plan, are estimated to total $_____0_____.

If this box ☐ is checked, additional current mortgage payments are listed on the *overflow page.* The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $_____0_____. [Enter this amount on Line 2c of Section H.]

**4. Mortgage arrears.** Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor_____US BANK_____, arrears of $___6,500.00___, payable monthly ☐ pro rata with payments on secured claims /or/ ☒ in fixed installments of $_____181_____; and payable ☐ without interest /or/ ☒ with interest at an annual percentage rate of ___5.38___%. These arrearage payments, over the term of the plan, are estimated to total $_____6,850_____.

(b) To creditor_____n/a_____, arrears of $___0.00___, payable monthly ☐ pro rata with payments on secured claims /or/ ☒ in fixed installments of $_____0_____; and payable ☐ without interest /or/ ☒ with interest at an annual percentage rate of ___0.00___%. These arrearage payments, over the term of the plan, are estimated to total $_____0_____.

If this box ☐ is checked, additional direct arrearage payments are listed on the *overflow page.* The total of all mortgage arrearage payments to be made by the trustee under the plan is estimated to be $_____6,850_____. [Enter this amount on Line 2d of Section H.]

**5. Other secured claims.** All secured claims, other than mortgage claims treated above, are to be paid in full during the plan term, with interest at an annual percentage rate specified below in the amounts stated (subject to reduction either with the consent of the creditor or by court order, implemented as for reductions of mortgage arrears), regardless of contrary proofs of claim, in monthly installments, pro rata, but with fixed monthly payments if so specified (by a check mark and payment amount):

(a) Creditor: _____n/a_____ Collateral: _____n/a_____ Amount of secured claim: $___0___ APR_____%☒ Fixed monthly payment: $___0.00___; Total estimated payments, including interest, on the claim: $_____0_____.

(b) Creditor: _____n/a_____ Collateral: _____n/a_____ Amount of secured claim: $_____0_____ APR_____% ☒ Fixed monthly payment: $___0.00___; Total estimated payments, including interest, on the claim: $_____0_____.

If this box ☐ is checked, additional secured claims are listed on the *overflow page.* [All claims in the debtor's Schedule D, other than mortgages treated above, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $_____0_____. [Enter this amount on Line 2e of Section H.]

**6. Allowed priority claims other than those of the debtor's attorney.** Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $_____0_____. [Enter this amount on Line 2f of Section H.]

⟵ 3 ⟶

7. **Specially classified unsecured claim.** A special class consisting of the following non-priority unsecured claim:_____n/a_____ shall be paid at ___0___ % of the allowed amount. The total of all payments to this special class is estimated to be $ ____0____. [Enter this amount on Line 2g of Section H.]

Reason for the special class:_____n/a_____.

8. **General unsecured claims** (GUCs). All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☐ in full, /or /☐ to the extent possible from the payments set out in Section D, but not less than ___0___ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.]

9. **Interest.** Interest ☐ shall not be paid on unsecured claims /or / interest ☑ shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___0.00___ %. [Complete Line 4d of Section H to reflect interest payable.]

**F. Priority**

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority: (1) trustee's authorized percentage fee; (2) priority claims of the debtor's attorney; (3) secured claims paid in fixed monthly installments (pro rata in the event of an insufficiency); (4) secured claims not paid in fixed installments; (5) priority claims other than those of the debtor's attorney; (6) specially classified nonpriority unsecured claims; and (7) general unsecured claims.

**G. Special terms**

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. **The provisions will not be effective unless there is a check in the** *notice box* **preceding Section A.**

**H. Summary of payments to and from the trustee**

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)  $ 11,340

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):

| | |
|---|---|
| (a) Trustee's Fees | $ 1,134 |
| (b) Priority payments to debtor's attorney | $ 0 |
| (c) Current mortgage payments | $ 0 |
| (d) Payments of mortgage arrears | $ 6,850 |
| (e) Payments of other allowed secured claims | $ 0 |
| (f) Payments of non-attorney priority claims | $ 0 |
| (g) Payments of specially classified unsecured claims | $ 0 |
| (h) Total *[add Lines 2a through 2g]* | $ 7,984 |

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*  $ 3,356

(4) Estimated payments required after initial plan term:

| | |
|---|---|
| (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ _____ |
| (b) Minimum GUC payment percentage | 0 % |
| (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* | $ _____ |
| (d) Estimated interest payments on unsecured claims | $ _____ |
| (e) Total of GUC and interest payments *[add Lines 4c and 4d]* | $ 0 |
| (f) Payments available during initial term *[enter Line 3]* | $ 3,356 |
| (g) Additional payments required *[subtract Line 4f from line 4e]* | $ -3,356 |

←— 4 —→

(5) Additional payments available:

    (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee      $    284

    (b) Months in maximum plan term after initial term      24

    (c) Payments available *[multiply line 5a by line 5b]*      $    6,804

**Signatures:**

**Debtor** _____    **Date** _____

**Debtor** _____    **Date** _____

**Debtor's Attorney** _____    **Date** _____

**Attorney Information (name, address, telephone, etc.)**

Start Over

**Special Terms** *[as provided in Paragraph G]*

n/a

5

FORM B6-Cont.
(6/90)

# UNITED STATES BANKRUPTCY COURT

NORTHERN                District of ILLINOIS

In re Gaila S. Johnson                                ,          Case No. _____
            **Debtor**                                                        **(If known)**


## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| | | | AMOUNTS SCHEDULED | | |
| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
| --- | --- | --- | --- | --- | --- |
| A - Real Property | YES | 1 | $180,000.00 | | |
| B - Personal Property | YES | 5 | $4,085.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $185,161.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $9,863.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $2,700.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $2,385.00 |
| Total Number of Sheets of ALL Schedules ↗ | | 18 | | | |
| | Total Assets ↗ | | $184,085.00 | | |
| | | Total Liabilities↗ | | $195,024.00 | |

FORM B6A
(6/90)

In re <u>Gaila S. Johnson</u>                          ,          Case No. _____
                  **Debtor**                                                  **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Multiple-Family Dwelling Debtor's Residence 8525 South Throop Chicago, IL 60620** | **Ownership Interest** | | **180,000** | **$178,661.00** |
| | | Total | $180,000.00 | |

(Report also on Summary of Schedules.)

FORM B6B
(10/89)

In re Gaila S. Johnson _____,    Case No.___
                        Debtor                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | ☐ | Cash on Hand | | $100.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and home-stead associations, or credit unions, brokerage houses, or cooperatives. | ☐ | Checking Account-Banc One | | $200.00 |
| 3. Security deposits with public utilities, telephone companies, land-lords, and others. | ☐ | People Gas Security Deposit | | $785.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | ☐ | Household furniture, furnishings, audio and video equipment, computer equipment located at 8525 South Throop, Chicago, IL 60620 | | $2,000.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | ☒ | | | |

FORM B6B
(10/89)

In re Gaila S. Johnson_____,     Case No._____
                Debtor                                              (If known)

# SCHEDULE B – PERSONAL PROPERTY
## CONTINUATION SHEET

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 6. Wearing apparel. | ☐ | **Clothing** | | **$300.00** |
| 7. Furs and jewelry. | ☒ | | | |
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | ☒ | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | ☒ | | | |
| 10. Annuities. Itemize and name each issuer | ☒ | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | ☒ | | | |

FORM B6B
(10/89)

In re Gaila S. Johnson _____ ,      Case No. _____
                        Debtor                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
## CONTINUATION SHEET

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | ☒ | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | ☒ | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | ☒ | | | |
| 15. Accounts receivable. | ☒ | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | ☒ | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars | ☒ | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | ☒ | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | ☒ | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | ☒ | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars | ☒ | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | ☒ | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | ☐ | 1994 Nissan Sentra | | $200.00 |

FORM B6B
(10/89)

In re **Gaila S. Johnson**                                  ,              Case No._____
                    **Debtor**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## CONTINUATION SHEET

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. Boats, motors, and accessories. | ☒ | | | |
| 25. Aircraft and accessories. | ☒ | | | |
| 26. Office equipment, furnishings, and supplies. | ☐ | Fax/Printer/Scanner Computer | | $500.00 |
| 27. Machinery, fixtures, equipment, and supplies used in business. | ☒ | | | |
| 28. Inventory. | ☒ | | | |
| 29. Animals. | ☒ | | | |
| 30. Crops - growing or harvested. Give particulars. | ☒ | | | |
| 31. Farming equipment and implements. | ☒ | | | |

FORM B6B
(10/89)

In re  Gaila S. Johnson _____ ,          Case No. _____
                    **Debtor**                                                                          **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## CONTINUATION SHEET

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 32. Farm supplies, chemicals, and feed. | ☒ | | | |
| 33. Other personal property of any kind not already listed.  Itemize. | ☒ | | | |
| | | _____5_____ continuation sheets attached          Total ↗ | | $$4,085.00 |

(Include amounts from any continuation
sheets attached  Report total also on
Summary of Schedules.)

FORM B6C
(6/90)

In re Gaila S. Johnson_____,          Case No. _____
                 **Debtor**                                        **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). **Note: These exemptions are available only in certain states.**
☐ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been
         located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in
         any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from
         process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **Multiple Family Residence Debtor's Residence 8525 South Throop Chicago, IL 60620 located at 100 Main Street, Any Town, AL** | **735 ILCS 5/12-901** | **$7,500.00** | **$180,000.00** |
| **Cash on Hand** | **735 ILCS 5/12-1001(b)** | **$100.00** | **$100.00** |
| **Banc One Chicago, IL** | **735 ILCS 5/12-1001(b)** | **$200.00** | **$200.00** |
| **Household goods and furnishing, including audio, video, and computer equipment** | **735 ILCS 5/12-1001(b)** | **$2,000.00** | **$2,000.00** |
| **Clothing** | **735 ILCS 5/12-1001(a)** | **$300.00** | **$300.00** |
| **1994 Nissan Sentra** | **735 ILCS 5/12-1001(c)** | **$200.00** | **$200.00** |
| **Office Equipment, furnishings, supplies** | **735 ILCS 5/12-1001(b)** | **$500.00** | **$500.00** |

FORM B6D
(12/03)

In re  Gaila S. Johnson _____ ,          Case No. _____
            **Debtor**                                                        **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account numbers for any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐      Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 6003124903<br><br>US Bank Home Mortgage<br>4801 Frederica Street<br>PO Box 20005<br>Owensboro, Kentucky 42304-0005 | | | **For Notification Purposes:  Mortgage on Residence**<br>**8525 South Throop**<br>**Chicago, IL 60620**<br><br>VALUE $180,000.00 | | | | **0.00** | **0.00** |
| ACCOUNT NO. 6003124903 / 505645<br><br>Mtge. Elec. Registration System<br>C/o Pierce and Associates<br>Attorneys at Law<br>ATTN: Denis Pierce<br>Suite 1300<br>1 North Dearborn<br>Chicago, IL 60602 | | | **Mortgage on Residence**<br>**8525 South Throop**<br>**Chicago, IL 60620**<br><br>VALUE $180,000.00 | | | | **$178,661.00** | **0.00** |
| ACCOUNT NO. . 6003124903 / 505645<br><br>Mtge. Elec. Registration System<br>C/o Pierce and Associates<br>Attorneys at Law<br>ATTN: Denis Pierce<br>Suite 1300<br>1 North Dearborn<br>Chicago, IL 60602 | | | **Mortgage on Arrearage on Residence:**<br>**8525 South Throop**<br>**Chicago, IL 60620**<br><br>VALUE $180,000 | | | | **$6,500.00** | **0.00** |
| ACCOUNT NO. | | | VALUE $ | | | | | |

_____ continuation sheets attached

Subtotal ☾<br>(Total of this page)   $185,161.00

Total   ☾<br>(Use only on last page)   $185,161.00

B6E
(04/04)

In re Gaila S. Johnson _____ ,                    Case No. _____
                    Debtor                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. The complete account numbers for any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

Form B6E
(04/04)

In re <u>Gaila S. Johnson</u>                              ,        Case No. _____
                      Debtor                                                                    (if known)


☐ **Alimony, Maintenance, or Support**

  Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

  Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

  Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).


* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.


_____ continuation sheets attached

FORM B6F (12/03)

In re <u>Gaila S. Johnson</u>                    ,          Case No. _____
              Debtor                                                        (if known)

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account numbers for any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐     Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 911 338 132<br><br>Allstate<br>PO Box 3589<br>Akron, OH 44309 | | | Insurance | | | | $52.00 |
| ACCOUNT NO. 9283833035<br><br>ComEd<br>Bill Payment Center<br>Chicago, IL 60668-0001 | | | Electric Service | | | | $97.00 |
| ACCOUNT NO. 249294-249294<br><br>City of Chicago-Dept. of Water<br>Suite LL10<br>333 South State Street<br>Chicago, IL 60604 | | | Water Service on Property:<br>8525 South Throop<br>Chic ago, IL 60620 | | | | $805.00 |
| ACCOUNT NO. 7738469373 6179<br><br>SBC<br>Bill Payment Center<br>Saginaw, MI 48663-0003 | | | Telephone/Internet Service | | | | $147.00 |

__3__ continuation sheets attached

Subtotal  ⏱       $ 1101.00

Total  ⏱          $ 9863.00

FORM B6F - Cont.
(12/03)

In re Gaila S. Johnson_____,          Case No.    _____
                    **Debtor**                                              **(If known)**


# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  5178-0525-7109-8496<br><br>Capital One Bank<br>PO Box 790216<br>St. Louis, MO 63179-0126 | | | Credit Card | | | | $1100.00 |
| ACCOUNT NO.  4862-3625-5212-7295<br><br>Capital One Bank<br>PO Box 790216<br>St. Louis, MO 63179-0126 | | | Credit Card | | | | $800.00 |
| ACCOUNT NO. 5489555113632832<br><br>Household Credit<br>PO Box 88999<br>Baltimore, MD 21288 | | | Credit Card/Orchard Bank | | | | $300.00 |
| ACCOUNT NO. 2-5000-2698-4708<br><br>Peoples Energy<br>Chicago, IL 60687 | | | Cooking Gas Service | | | | $250.00 |
| ACCOUNT NO. 2-5000-2889-6076<br><br>Peoples Energy<br>Chicago, IL 60687 | | | Heating Gas Service | | | | $2,711.00 |

Sheet no. 2 of 4 sheets attached to Schedule of               Subtotal ⏲              $5161.00

Creditors Holding Unsecured Nonpriority Claims              (Total of this page)

                                                    Total ⏲              $

_____              (Use only on last page of the completed Schedule F.)

FORM B6F - Cont.
(12/03)

In re   Gaila S. Johnson_____,                    Case No.        _____
                    **Debtor**                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   8855 11027 0317023 <br><br> Wow Internet Cable Phone <br> PO Box 5715 <br> Carol Stream, IL 60197-5715 | | | Phone/Cable/Internet | | | | $200.00 |
| ACCOUNT NO. 0216606 <br><br> Weinstein & Riley <br> 2101 Fourth Avenue <br> Suite 900 <br> Seattle, Washington 98121-2339 | | | Furniture | | | | $2281.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. 3 of 4 sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal ⏱          $2,481.00
(Total of this page)
Total ⏱             $

FORM B6F - Cont.
(12/03)

In re   Gaila S. Johnson_____.                    Case No.   _____
                    **Debtor**                                                          **(If known)**


# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1276519 <br><br> MicroMash <br> 6402 South Troy Circle <br> Englewood, CO 80111-6424 | | | Review Course | | | | $695.00 |
| ACCOUNT NO. 70227576 <br><br> National Home Gar. <br> PO Box 3417 <br> Minnetonka, MN 55343-2117 | | | Subscription | | | | $300.00 |
| ACCOUNT NO. 286964474 <br><br> T-Mobile <br> PO Box 742596 <br> Cincinnati, OH 45274-2596 | | | Cellular Telephone | | | | $125.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. 4 of 4 sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal  🕐   | $1,120.00

(Total of this page)

Total  🕐  | $9,863.00

(Use only on last page of the completed Schedule F.)

B6G
(10/89)

In re <u>Gaila S. Johnson</u>                                    ,          Case No._____
                    **Debtor**                                                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.

State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.

Provide the names and complete mailing addresses of all other parties to each lease or contract described.

**NOTE:** A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☒   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

B6H
(6/90)

In re Gaila S. Johnson_____,          Case No. _____
            **Debtor**                                                        **(if known)**

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In re Gaila S. Johnson _____,    Case No._____
                    **Debtor**                                                (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: Single | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP None | AGE |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Self-Employed | N/A |
| Name of Employer | Self | |
| How long employed | 7 years | |
| Address of Employer | 8525 South Throop Chicago, IL 60620 | |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ 0 | |
| Estimated monthly overtime | $ -0- | $ -0- |
| SUBTOTAL | $0 | $ |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ | $ |
| b. Insurance | $ | $ -0- |
| c. Union dues | $ | $ -0- |
| d. Other (Specify: _____ ) | $ | $ -0- |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | $ |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ -0- | $ -0- |
| Income from real property | $ -0- | $ -0- |
| Interest and dividends | $ -0- | $ -0- |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ -0- | $ -0- |
| Social security or other government assistance (Specify) _____ | $ -0- | $ -0- |
| Pension or retirement income | $ -0- | $ -0- |
| Other monthly income | $ -0- | $ -0- |
| (Specify)  Self-Employment (Govt. Sub-Contractor) | $ 800.00 | $ -0- |
| Rental | $ 1,900.00 | $ -0- |
| TOTAL MONTHLY INCOME | $2,700.00 | $0 |

TOTAL COMBINED MONTHLY INCOME    $2,700.00          (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

FORM B6J
(6/90)

In re <u>Gaila S. Johnson</u>                                    ,          Case No._____
                    **Debtor**                                                                        (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 1419.00 |
| Are real estate taxes included?          Yes <u>x</u>          No _____ | |
| Is property insurance included?          Yes <u>x</u>          No _____ | |
| Utilities      Electricity and heating fuel | $ 340.00 |
|     Water and sewer | $ 167.00 |
|     Telephone | $ 125.00 |
|     Other <u>Cable</u> | $ 50.00 |
| Home maintenance (repairs and upkeep) | $ 70.00 |
|     Food | $ 50.00 |
| Clothing | $ -0- |
| Laundry and dry cleaning | $ -0- |
| Medical and dental expenses | $ -0- |
| Transportation (not including car payments) | $ -0- |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ -0- |
| Charitable contributions | $ -0- |
| Insurance (not deducted from wages or included in home mortgage payments) | |
|     Homeowner's or renter's | $ -0- |
|     Life | $ -0- |
|     Health | $ -0- |
|     Auto | $ 54.00 |
|     Other <u>N/A</u> | $ -0- |
| Taxes (not deducted from wages or included in home mortgage payments) (Specify) <u>Property Taxes</u> | $ |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | |
|     Auto | $ -0- |
|     Other _____ | $ -0- |
|     Other _____ | $ -0- |
| Alimony, maintenance, and support paid to others | $ -0- |
| Payments for support of additional dependents not living at your home | $ -0- |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 110.00 |
| Other _____ | $ -0- |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ 2,385.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---:|
| A.  Total projected monthly income | $ 2,700.00 |
| B.  Total projected monthly expenses | $ 2,385.00 |
| C.  Excess income (A minus B) | $ 315.00 |
| D.  Total amount to be paid into plan each <u>Month</u>_____ | $ 315.00 |
|                               (interval) | |

Form B6-Cont.
(12/03)

In re Gaila S. Johnson _____,                    Case No. _____
              **Debtor**                                                              **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **19** _____

sheets, and that they are true and correct to the best of my knowledge, information, and belief.       *(Total shown on summary page plus 1.)*

Date **08/05/2005** _____       Signature: *Gaila S. Johnson*
                                                                        **Debtor**

Date _____       Signature: _____
                                                                 *(Joint Debtor, if any)*

                                                                 [If joint case, both spouses must sign.]

---

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed or Typed Name of Bankruptcy Petition Preparer

Social Security No. _____
(Required by 11 U.S.C. § 110(c).)

_____

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X _____                    _____
   Signature of Bankruptcy Petition Preparer                              Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.       *(Total shown on summary page plus 1.)*

Date _____

                                            Signature: _____

                                            _____
                                            [Print or type name of individual signing on behalf of debtor.]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

---

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Form 7
(12/03)

# UNITED STATES BANKRUPTCY COURT

**NORTHERN** _____ DISTRICT OF **ILLINOIS** _____

In re: **Gaila S. Johnson** _____,          Case No. _____
          (Name)                                            (if known)
                    Debtor

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16 - 21. **If the answer to an applicable question is "None", mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their elatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                          SOURCE (if more than one)
1/01/05-8/5/05 - $6,400.00.00                   self
1/01/04-12/31/04 - $11,000.00
01/01/03-12/31/03 - $12,000.00

2

**2.    Income other than from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
| $7,000 | Rental Income 01/05 - 07/05 |
| $1,900 | Rental Income 08/05 |

---

**3.    Payments to creditors**

None ☒

a.    List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|------------------------------|-------------------|-------------|--------------------|

---

None ☒

b.    List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---------------------------------------------------------|-----------------|-------------|--------------------|

---

**4.    Suits and administrative proceedings, executions, garnishments and attachments**

3

None
☐    a.   List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| unknown | Mortgage Fore- closure | | |

None
☒    b.   Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5.   Repossessions, foreclosures and returns**

None
☒    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6. Assignments and receiverships**

None
☒    a.   Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

---

4

None ☒    b.    List any property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7.    Gifts

None ☒    List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8.    Losses

None ☒    List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED INWHOLE OR IN PART BY INSURANCE, GIVE PARTUCLARS | DATE OF LOSS |
|---|---|---|

### 9.    Payments related to debt counseling or bankruptcy

None ☒    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

5

**10. Other transfers**

None
☒

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

**11.  Closed financial accounts**

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12.  Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.  Setoffs**

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | DATE OF | AMOUNT OF |
|---|---|---|

NAME AND ADDRESS OF CREDITOR                SETOFF        SETOFF

6

**14. Property held for another person**

None
☒                List all property owned by another person that the debtor holds or controls

| NAME AND ADDRESS<br>OF OWNER | DESCRIPTION AND<br>VALUE<br>OF PROPERTY | LOCATION OF PROPERTY |

7

### 15. Prior address of debtor

None ☒

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

### 16. Spouses and Former Spouses

None ☒

If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME | NAME AND ADDRESS | DATE OF | ENVIRONMENTAL |
|---|---|---|---|

OF GOVERNMENTAL UNIT          NOTICE          LAW                              8

None
☒          c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with
                respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or
                was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18.   Nature, location and nature of business**

None
☒      a.  If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses,
            and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing
            executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six
            years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of
            the voting or equity securities within the **six years** immediately preceding the commencement of this case.

            If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the
            businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent
            or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

            If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the
            businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or
            more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D.NUMBER (EIN) | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

---

None
☒      b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as
            defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual
debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following: an
officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a
partner, other than a limited partner, of a partnership; a sole proprietorship or otherwise self-employed

_(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as
defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in
business within those six years should go directly to the signature page.)_

9

**19.    Books, records and financial statements**

None
☒

a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME                                                        ADDRESS

None
☒

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                    DATES SERVICES RENDERED

None
☒

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                        ADDRESS

None
☒

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

NAME AND ADDRESS                                        DATE ISSUED

**20.    Inventories**

None
☒

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY        INVENTORY SUPERVISOR        DOLLAR AMOUNT OF INVENTORY
                                                     (Specify cost, market or other basis)

None
☒

b. List the name and address of the person having possess of the records of each of the two inventories reported in a., above.

                                    NAME AND ADDRESSES OF CUSTODIAN
DATE OF INVENTORY        OF INVENTORY RECORDS

10

### 21. Current Partners, Officers, Directors and Shareholders

None ⊠    a.    If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |
| | | |

None ⊠    b.    If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |
| | | |

### 22. Former partners, officers, directors and shareholders



None ⊠    a.    If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |
| | | |

None ⊠    b.    If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |
| | | |

### 23. Withdrawals from a partnership or distributions by a corporation

None ⊠    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| | | |

11

**24.    Tax Consolidation Group**

None
☒

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-year period** immediately preceding the commencement of the case.

    NAME OF PARENT CORPORATION                  TAXPAYER IDENTIFICATION NUMBER (EIN)

---

**25.    Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

    NAME                                        TAXPAYER IDENTIFICATION NUMBER (EIN)

---

\* \* \* \* \* \*

12

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  August 5, 2005_____          Signature _____
                                             Of Debtor

Date  August 5, 2005_____          Signature _____
                                             Of Joint Debtor
                                             (if any)

---

*[If completed on behalf of a partnership or corporation]*

I, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____          Signature _____

                                       _____
                                       Print Name and Title

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

_____ continuation sheets attached

*Penalty for making a false statement. Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. § 152 and 3571*

---

**CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____          _____
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security No.
                                           (Required by 11 U.S.C. § 110(c).)

_____

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

x_____          _____
Signature of Bankruptcy Petition Preparer          Date

*A bankruptcy petition preparer's failure to comply with the provisions of title II and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 156.*